UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TREVOR FAGAN,   **MEMORANDUM AND ORDER**
   16-CV-452 (RRM) (LB)
        Plaintiff,

   -v-

NYS OTDA,

        Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Trevor Fagan, proceeding *pro se,* filed a complaint alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Fagan's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of the instant Order.[1] For the reasons stated below, Fagan is granted leave to file an amended complaint within thirty (30) days of the date of this Order, failing which this action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

    Fagan's complaint is far from a model of clarity. Although he alleges extensive details of the events leading up to the termination of his employment, he fails to connect both those events and his eventual termination to any protected status. The following facts are drawn exclusively from the complaint and are assumed to be true for purposes of this Order.

---

[1] Although Fagan's *in forma pauperis* application indicates that he currently has $4,400.00 in a checking or savings account, the Court notes that Fagan is currently unemployed and has substantial debts. (IFP application (Doc. No. 2).) Therefore, the Court grants Fagan's request to proceed *in forma pauperis* for the purpose of this Order.

Construing the complaint liberally, Fagan alleges the following: Fagan was a hearing officer employed by the New York State Office of Temporary and Disability Assistance (the "OTDA") whose employment was terminated on July 16, 2015. (Compl. (Doc. No. 1) ¶¶ 1, 49.) Fagan began his employment with the OTDA in May 2012 as a "trainee." (*Id.* ¶ 1.) According to Fagan's complaint, that classification was erroneous, but Fagan alleges no facts that might connect the alleged misclassification to any discriminatory intent. (*Id.*)

Fagan alleges that over the course of the next few years he encountered difficulties with various supervisors. For example, Fagan alleges that one supervisor, Mr. Akin, expressed displeasure with Fagan's work and came to Fagan's office to "fight" and "curse" at him. (*Id.* ¶¶ 5, 9.) He asserts that after he reported that incident to Mr. Akin's supervisor, Mr. Marks, Mr. Marks retaliated against Fagan by assigning him "more difficult specialty calendars." (*Id.* ¶ 12.)

Fagan was then assigned a new supervisor, Ms. Nwuba, who allegedly rejected Fagan's time-card, was physically aggressive with Fagan, criticized Fagan's job performance, and provided Fagan with negative evaluations, among other things. (*See Id.* ¶¶ 12, 21, 22, 27, 41.) Fagan further alleges that his "personal effects that were on [his] desk were rummaged through" while he was out of the office and appears to imply that Ms. Nwuba was responsible. (*Id.* ¶ 18.) He also asserts that the office's assistant director was using security cameras to watch him change in his office. (*Id.* ¶ 29.) He later alleges that he was denied a pay raise due to an unsatisfactory performance evaluation and was required to attend a training that was not required of other "Judges." (*Id.* ¶¶ 25, 40.) Again, Fagan does not suggest that any of these actions were related to a discriminatory intent or protected status.

Fagan further alleges that in June 2015 he requested an update from his employer's assistant general counsel, Mr. McArdle, with respect to a complaint he had lodged against a co-

2

worker. (*Id.* ¶ 46.) Fagan provides no context regarding the underlying complaint other than to say it was related to "ongoing harassment." (*Id.*) Fagan informed Mr. McArdle that he believed his complaints were not being properly addressed because he is male and indicated that he would forward certain emails[2] to the "EOD."[3] (*Id.*) Fagan alleges "retaliation" by Mr. McArdle, but his description of that retaliation is unintelligible. He asserts that "Mr. McArdle alerted [Fagan's] direct line supervisors that there was a complaint that [Fagan was] preventing security from doing their job." (*Id.* ¶ 47.) Fagan was then directed by someone – though it is not clear who – not to speak with security personnel, which he alleges is part of his job function. (*Id.*) On July 1, 2015, Fagan received a letter of termination effective July 16, 2015. (*Id.* ¶ 49.)

On October 30, 2015, the U.S. Equal Employment Opportunity Commission (the "EEOC") issued Fagan a Dismissal and Notice of Rights stating that it had adopted the findings of the state or local fair employment practices agency that investigated Fagan's charge and that Fagan could file a lawsuit against OTDA within 90 days. (*See* Dismissal and Notice of Rights letter, annexed to Compl. (Doc. No. 1) at 18 (ECF Pagination).) The instant complaint followed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). It is axiomatic that *pro se*

---

[2] Fagan's complaint references attached emails in several places, however no emails were filed. (*See, e.g.*, Compl. ¶¶ 44–47.)
[3] Fagan does not define the EOD, but it appears to be the OTDA's Equal Opportunity and Diversity office.

3

complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of all well-pleaded, nonconclusory factual allegations in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). Nor does it "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* Court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

# DISCUSSION

## I. Sufficiency of the Pleading

### a. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiffs must provide a short, plain statement of each claim against each defendant named so that they have adequate notice of the claims against them. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (alterations omitted). Plaintiffs must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 107 (2d Cir. 2005) (defining fair notice as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Fagan's complaint, while detailed, is largely confused and unintelligible, and, as discussed in greater detail below, fails to provide facts connecting his status as a protected class member to the alleged adverse employment actions. It thus fails to meet the pleading requirements of Rule 8.

### b. **Title VII**

Fagan's complaint also fails to allege facts sufficient to state a cause of action for employment discrimination under Title VII, which prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). This can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*; *see also Jones v. Target Corp.*, No. 15-CV-4672, 2016 WL 50779, at *2 (E.D.N.Y. Jan. 4, 2016).

Here, as noted above, the factual basis of Fagan's Title VII complaint is unclear. Fagan fails to plead any facts that suggest that his employer discriminated against him *because of* his race, color, religion, sex, or national origin. The only instance in the complaint in which Fagan even references a protected status is his assertion that his complaints were not properly addressed because of his gender. (Compl. ¶ 46.) Such conclusory statements, without more, provide an insufficient basis for a Title VII claim. *See Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). The same is true of Fagan's assertions of retaliation, which consist only of conclusory statements and fail to adequately describe a protected activity leading to an adverse employment action. (*See* Compl. ¶¶ 12, 47); *Moore v. Greyhound Bus Lines*, No. 15-CV-5512, 2015 WL 6128874, at *2 (E.D.N.Y. Oct. 16, 2015) (finding a complaint failed to state

a claim for relief for retaliation where plaintiff "d[id] not describe any protected activity that led to an adverse employment action").

Moreover, although Fagan completed the Court-supplied employment discrimination complaint form and indicates that his cause of action is brought pursuant to Title VII, in the body of his complaint Fagan checks off boxes indicating that he was also discriminated against on the basis of his disability and age or "perceived age." (Compl. ¶ 7.) It is unclear to the Court if Fagan intends to pursue an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), or the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and whether he exhausted his administrative remedies with regard to either of those claims.[4]

Although at the pleading stage a plaintiff is not required to establish discrimination, he must plausibly allege a claim upon which relief can be granted. *Vega*, 801 F.3d at 86–87. Here, even under the most liberal construction of Fagan's allegations, he provides no facts that connect any adverse employment action to a protected status. *See Littlejohn v. City of New York*, 795 F.3d 297, 309–10 (2d Cir. 2015) (concluding that an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face); *see also Ruston*, 610 F.3d at 59 ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief").

## **CONCLUSION**

The Court grants Fagan thirty (30) days' leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). Should Fagan have a basis for a claim of employment discrimination, he should provide facts in support of such claim. Fagan is directed

---

[4] The Court notes, without deciding, that Fagan may encounter issues of immunity relating to any ADA or ADEA claims against a state agency.

that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Littlejohn*, 795 F.3d at 309–10. Fagan should include a copy of the charge of discrimination that he filed with the EEOC if it is available.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned to this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

If Fagan fails to amend his complaint within 30 days of the date that this Order is entered on the docket, the Court shall dismiss the complaint for failure to state a claim on which relief may be granted, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Fagan at the address listed for him on the docket, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      February 26, 2016
_____
ROSLYNN R. MAUSKOPF
United States District Judge